The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72034
Dear Senator Baker:
You have requested my opinion concerning the effect of Senate Bill 59 on the tax that is levied by Amendment 75 to the Arkansas Constitution. Your specific question is:
 Under the provisions of the proposed Senate Bill 59, primary sponsor Terry Smith, is the 1/8 cent constitutional conservation tax held harmless?
As I understand your question, you are asking whether Senate Bill 59 (84th General Assembly, 2nd Ex. Sess.) has any effect upon the 1/8 cent tax that is levied by Amendment 75. Senate Bill 59, among other actions, reduces the gross receipts tax levied under A.C.A. § 26-52-301
and -302 on all food and food ingredients (as defined in the Bill) to a rate of 0%. Amendment 75, which was passed by the voters in 1996, levies an additional 1/8 cent sales tax on all items that are subject to the Arkansas Gross Receipts Act (A.C.A. § 26-52-101 et seq.), including food items. The issue raised by your question is whether Senate Bill 59's reduction of sales tax on food items to the rate of 0% has the effect of removing sales of food from the items upon which the Amendment 75 tax can be levied.
RESPONSE
This question raises complex issues of statutory and constitutional construction and implicates various difficult issues. Plausible arguments can be made on both sides of these issues, and only a court can ultimately resolve the issues. For this reason, I will not definitively answer your question, but rather, will point out the potential problems to which Senate Bill 59 could give rise. These are problems that might be mitigated by clarifying the language of the Bill.
I will begin by setting forth the pertinent provision of Senate Bill 59 and of Amendment 75. The pertinent provision of Senate Bill 59 states:
 The gross receipts taxes levied under §§ 26-52-301 and 26-52-302 upon the gross receipts or gross proceeds derived from the sale of food and food ingredients shall be levied at the rate of zero percent (0%).
S.B. 59, § 2 (84th General Assembly, 2nd Ex. Sess., 2003) (adding a new section to Arkansas Code Title 26, Chapter 52, Subchapter 3, to be codified as A.C.A. § 26-52-316(b)).
Amendment 75 to the Arkansas Constitution states in pertinent part:
§ 2.
 (a) There is hereby levied an additional excise tax of one-eighth of one percent (1/8 of 1%) upon all taxable sales of property and services subject to the tax levied by the Arkansas Gross Receipts Act (Arkansas Code § 26-52-101 et seq.), and such tax shall be collected, reported, and paid in the same manner and at the same time as is prescribed by law for the collection, reporting and payment of all other Arkansas gross receipts taxes.
Ark. Const., Am. 75, § 2(a).
The language quoted above from Senate Bill 59 appears on its face to reflect an intent not to affect any taxes other than those levied under A.C.A. § 26-52-301 and -302. Because the taxes levied under Amendment 75 are not taxes that are "levied under A.C.A. § 26-52-301 or 302," but rather are constitutionally levied by Amendment 75 itself, the provisions of Senate Bill 59 (i.e., the tax rate reduction) do not appear to apply to the tax levied by Amendment 75. The language of Amendment 75 plainly differentiates the tax levied thereunder from other taxes. That language states that the Amendment's tax is "additional" to the taxes levied under the Gross Receipts Act. Ark. Const., Am. 75, § 2. Moreover, the Amendment states that its tax is to be collected, reported, and paid in the same manner and at the same time as "all other Arkansas gross receipts taxes."Id. (emphasis added). It can be argued that it would have been unnecessary for the Amendment to make this distinction if the tax levied thereunder was simply part of the taxes that are levied under the Arkansas Gross Receipts Act, and that therefore, any change in the rate of taxes levied under A.C.A. § 26-52-301 and -302 cannot be interpreted to affect the taxes levied under Amendment 75.
Although the language of Senate Bill 59 evidences an intention not to affect the Amendment 75 tax, the language of the bill cannot be viewed in isolation. The language of Amendment 75 must also be considered. That language ties the sales tax levied thereunder to the Arkansas Gross Receipts Act. Amendment 75, by its own language, applies to "all taxablesales of property and services subject to the tax levied by the Arkansas Gross Receipts Act." Ark. Const., Am. 75, § 2 (emphasis added). The issue that is raised by this language in Amendment 75 is whether a sale for which the tax rate is 0%, pursuant to Senate Bill 59, is a "taxable sale" within the meaning of Amendment 75. Because the tax rate for food items under the Gross Receipts Act, pursuant to Senate Bill 59, would be 0% and therefore no state sales tax would be collected on sales of food items, it could be concluded that such sales are not "taxable sales." Such an argument would be supported by the principle that in interpreting tax laws, any and all doubts and ambiguities must be resolved in favor of the taxpayer. See Mississippi River Transmission Corp. v. Weiss,347 Ark. 543, 65 S.W.3d 867 (2002).
A similar construction issue arises from the words "subject to," as used in Amendment 75. The issue is whether food items as defined in Senate Bill 59 are "subject to" the Arkansas Gross Receipts Act. As indicated above, the taxes levied under Amendment 75 apply to taxable sales of property and services that are "subject to the tax levied by the Arkansas Gross Receipts Act." Ark. Const., Am. 75, § 2 (emphasis added). If the tax rate for such items is 0% and no gross receipts taxes are collected on such items, a plausible argument could be made that these items are not "subject to" the Arkansas Gross Receipts Act. If food items are not deemed "subject to" the Gross Receipts Act, Amendment 75's 1/8 cent tax would not be applied to food items.
A more fundamental constitutional issue that arises out of a construction of Senate Bill 59 and Amendment 75 is whether the language of Amendment 75 inalterably ties the computation of the 1/8 cent tax to the statutory scheme set out in the Arkansas Gross Receipts Act, including any future amendments thereto. The issue in this regard is whether the drafters' and the peoples' intent in passing Amendment 75 was to tie Amendment 75's taxes to the Gross Receipts Act as it existed at the time of the passage of Amendment 75, or rather as it may in the future be amended. It is unclear whether Amendment 75 intended to confer authorization upon the General Assembly to change or impact the method by which the tax levied thereunder is computed and collected.
The uncertainty surrounding this issue prevents me from providing a definitive answer to your question.
In any event, an inclusion in Senate Bill 59 of a clear statement of the Bill's intended impact upon the Amendment 75 tax would, at the very least, clarify the issues that must be resolved, and might in fact have the effect of mitigating some of the potential problems that are implicated by Senate Bill 59 in its current form.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MIKE BEEBE Attorney General